**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 05-2490

MANASH ALI,

Petitioner,

v.

ALBERTO R. GONZALES,
United States Attorney General,

Respondent.

---

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

---

Before

Torruella, Lynch and Howard, Circuit Judges.

---

Salim Sheikh on brief for petitioner.
William C. Erb, Jr., Trial Attorney United States Department
of Justice, Civil Division, Office of Immigration Litigation, Peter
D. Keisler, Assistant Attorney General, Civil Division and Anthony
W. Norwood, Senior Litigation Counsel, on brief for respondent.

---

August 25, 2006

---

**Per Curiam**. Manash Ali, a native of Pakistan and citizen of Bangladesh, petitions for review of a final order of the Board of Immigration Appeals affirming an immigration judge's decision to deny his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We deny the petition.

Ali testified at his asylum hearing that he was raised in Bangladesh, where he and his family were active members of the Jatiya political party. Ali was involved in recruiting new party members, attended political meetings, and went to demonstrations with his father, a local party leader. In 1986, Ali's father ran for a seat in the Bangladeshi Parliament. Though his father was not elected, his mother served as a "selected woman" member of Parliament from 1986 to 1990. Also during that time, Ali's uncle was an information minister for the government.

In 1989, there was significant social unrest in Bangladesh due to a power struggle among the Jatiya Party (which was then in power), the Bangladesh National Party (BNP), and the Awami League. During this period, the Bangladeshi police protected the Ali family home. In June, while traveling by car with several other members of the Jatiya Party, Ali passed through a BNP demonstration. The demonstrators pulled Ali out of the car and beat him with rocks and sticks. Ali thereafter applied for a student visa. Over a year later, in September 1990, Ali obtained

the visa and entered the United States.  The visa authorized him to remain in the country only until June 1995, but he never left.

The BNP came into power in 1990.  Late in 1992, police in Bangladesh issued a warrant for Ali's arrest.  Ali believes that the arrest warrant was motivated by his ties to the Jatiya Party, as most members of the party, including his younger brother and uncle, were served with arrest warrants.  According to Ali, his brother and uncle were imprisoned, beaten, and denied food, clean water, and adequate sleeping conditions.  Ali testified that shortly after his parents were served with his arrest warrant, he filed an application for political asylum and withholding of removal with the Immigration and Naturalization Service.[1]  Even though his warrant was served over a decade ago, Ali claims governmental officials continue to look for him.

In July 2002, removal proceedings were commenced against Ali for overstaying his visa.  Conceding removability, Ali renewed his requests for asylum and withholding of removal, and added a new request for relief under the CAT.

Following a hearing, the immigration judge denied these requests in an order that characterized Ali's testimony as "general and meager and unconvincing," and that found that the alleged

---

[1]In March 2003, the functions of the INS were transferred to the new Department of Homeland Security.  See Homeland Security Act of 2002, Pub. L. No. 107-296, § 471, 116 Stat. 2135, 2205 (codified as amended at 6 U.S.C. § 291(a)).

beating in 1989 did not rise to the level of persecution. The judge also rejected Ali's assertion of a well-founded fear of future persecution, questioning the authenticity of the proffered arrest warrant as an original or authenticated copy because it contained the notation "signature illegible" rather than a signature, illegible or not. The judge also disbelieved Ali's contention that the warrant caused him to file the asylum application, in view of the fact that the application was filed more than eight months prior to the date of the warrant. Moreover, the judge found no reason to believe that the warrant had been issued because of Ali's political affiliation. Finally, the judge found no evidence establishing that any government official of Bangladesh was seeking to torture Ali. In lieu of removal, the judge granted Ali voluntary departure. The Board affirmed without opinion.

Where the Board summarily adopts the immigration judge's decision, we review the reasoning of the immigration judge. See Chen v. Gonzales, 418 F.3d 110, 113 (1st Cir. 2005). A denial of asylum must stand unless "the petitioner's evidence would compel a reasonable factfinder to conclude that relief was warranted." Settenda v. Ashcroft, 377 F.3d 89, 93 (1st Cir. 2004). Therefore, we will uphold the immigration judge's determinations so long as they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." INS v.

-4-

Elias-Zacarias, 502 U.S. 478, 481 (1992) (internal quotation marks omitted).

Eligibility for asylum requires proof of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1). Applicants can satisfy that burden either by proving past persecution or a well-founded fear of persecution that is both subjectively genuine and objectively reasonable. See Ang v. Gonzales, 430 F.3d 50, 57 (1st Cir. 2005).

Ali asserts that his testimony should be deemed credible and that he provided sufficient evidence to demonstrate both past persecution and a well-founded fear of future persecution. He also argues that he should have been granted withholding of removal or relief under CAT.

Ali testified to a single incident of alleged persecution: his beating in 1989 by a group of BNP demonstrators. Evidence of a single encounter is ordinarily not sufficient to establish persecution, particularly where, as here, the applicant remained in the country for a significant period of time following the incident. See Topalli v. Gonzales, 417 F.3d 128, 132 (1st Cir. 2005) (differentiating "systematic treatment that rose to the level of past persecution" from "isolated incidents"); Bocova v. Gonzales, 412 F.3d 257, 263 (1st Cir. 2005) ("[M]istreatment

ordinarily must entail more than sporadic abuse in order to constitute persecution."). Just as importantly, Ali provided scant evidence linking this incident to his political beliefs. Other than his own conclusory and unexplained testimony that the BNP demonstrators recognized him, among six occupants of a vehicle, as a member of the Jatiya Party, Ali did not offer any evidence that the beating was motivated by his political affiliation. See Romilus v. Ashcroft, 385 F.3d 1, 7 (1st Cir. 2004) (holding that an asylum applicant is required to "provide some evidence of" his persecutor's motivations) (quoting Elias-Zacarias, 502 U.S. at 483). Vague and unsubstantiated testimony does not compel a conclusion that Ali was persecuted because of his politics. See Aguilar-Solis v. INS, 168 F.3d 565, 571 (1st Cir. 1999).

Ali also failed to demonstrate a well-founded fear of persecution based on his political beliefs. Even assuming that the proffered arrest warrant is authentic, there is no evidence that it was issued because of Ali's political affiliation or that Ali would be unfairly prosecuted.[2] See Nqure v. Ashcroft, 367 F.3d 975, 991 (8th Cir. 2004) ("Criminal prosecution for violation of a fairly administered law does not constitute persecution.").

Likewise, the immigration judge was not compelled to find a well-founded fear on the basis of Ali's testimony regarding the

[2]Ali acknowledged that the warrant charges him with violations of the Bangladesh Penal Code, but he did not provide information concerning specifically what crimes he allegedly committed.

arrest and imprisonment of his uncle and brother. Again, there is no evidence, apart from Ali's conclusory statements, that their political beliefs triggered their arrests and their alleged mistreatment.[3] Ali admitted that his brother and his uncle were freed from prison years ago, and that they, along with Ali's parents, currently reside safely in Bangladesh. Indeed, Ali's mother and brother work at a school that is registered with the government of Bangladesh. Finally, the United States Department of State Country Reports undercut Ali's claims. They indicate that the international community deemed the 2001 elections in Bangladesh fair and free, and that Bangladesh is now governed by a four-party alliance which includes the Jatiya Party.

Because Ali has not satisfied the standard for asylum, he cannot not meet the more stringent standard for withholding of removal. See Rodriguez-Ramirez v. Ashcroft, 398 F.3d 120, 123 (1st Cir. 2005). Ali's claim for entitlement to relief under the CAT also fails. To obtain such relief, an applicant must establish, by specific objective evidence, that it is "more likely than not" that he will be tortured by or with the consent or acquiescence of a public official upon his return to the proposed country of removal. See Romilus, 385 F.3d at 8. The immigration judge properly found that Ali had offered no evidence establishing that anyone in

---

[3]Given the existence of several internal inconsistencies and implausibilities in Ali's testimony overall, we cannot fault the immigration judge for viewing that testimony with skepticism.

Bangladesh, much less a government official, is seeking to torture him.[4]

The petition for review is **<u>denied</u>**.

---

[4]Ali also argues that he should have been granted asylum as a matter of discretion. Because Ali failed to present this argument to the Board, we will not consider it. <u>See</u> <u>Opere</u> v. <u>INS</u>, 267 F.3d 10, 14 (1st Cir. 2001).